| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF HORRY ) | |
| ANTHONY DICKERSON ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) ) | |
| ) | 2015-CP- 10 - 4102 |
| vs. ) | |
| DERST BAKERY, FLOWERS BAKING et al. ) | |
| Defendant(s) ) | |

Submitted By: Bonnie Travaglio Hunt     SC Bar #:  12341
Address: Post Office Box 1845, Goose Creek, SC 29445     Telephone #: 843-553-8709
     Fax #: 843-492-5509
     Other:
     E-mail: bthunt@huntlawllc.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.     ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20__-NI-____ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☒ Other (399) Employment | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

Submitting Party Signature: /s/     Date: July 20, 2015

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**FOR MANDATED ADR COUNTIES ONLY**

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**    **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN COURT OF COMMON PLEASE |
| | ) | |
| COUNTY OF CHARLESTON | ) | C.A. No.: 2015-CP-10-4102 |

ANTHONY DICKERSON,

    Plaintiff,

vs.        (JURY TRIAL REQUESTED)

DERST BAKERY d/b/a
FLOWERS BAKING COMPANY d/b/a
FLOWERS BAKERY
    and
AMBASSADOR PERSONNEL, INC. d/b/a
AMBASSADOR,

    Defendants.

## SUMMONS
## (JURY TRIAL REQUESTED)

    You are hereby summoned and required to answer the complaint in this action, a copy of which is hereby served upon you, and to serve copy of your Answer to the Complaint on the subscriber at her office at 4000 Faber Place Drive, Suite 300, North Charleston, South Carolina 29405 or by Mail at Post Office Box 1845, Goose Creek, SC 29445 within thirty (30) days after the service hereof, exclusive of the day of service. If you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you.

HUNT LAW LLC

Bonnie Travaglio Hunt
Physical Address:
4000 Faber Place Drive, Suite 300,
North Charleston, SC 29405
Mailing Address
Post Office Box 1845, Goose Creek, SC 29445
(843)553-8709
Facsimile (843)492-5509
bthunt@huntlawllc.com

July 15, 2015

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| ANTHONY DICKERSON, | ) | C.A. No.: 2015-CP-10-4102 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| DERST BAKERY d/b/a | ) | |
| FLOWERS BAKING COMPANY d/b/a | ) | |
| FLOWERS BAKERY | ) | |
| and | ) | |
| AMBASSADOR PERSONNEL, INC. d/b/a | ) | |
| AMBASSADOR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

FILED 2015 JUL 22 PM 3:10 JULIE J. ARMSTRONG CLERK OF COURT

## Complaint and Jury Demand

Plaintiff, Anthony Dickerson, by his attorney, Bonnie Travaglio Hunt, complains against Defendants, Derst Bakery d/b/a Flowers Baking Company d/b/a Flowers Bakery and Ambassador Personnel, Inc. d/b/a Ambassador as follows:

## Nature of the Action

1. This is an action brought pursuant the laws of South Carolina.

2. This is an action brought pursuant the laws of the United States of America.

## Parties

3. Plaintiff, Anthony Dickerson, hereinafter referred to as the *Plaintiff*, is an individual who at all times relevant herein was a resident of the of the State of South Carolina.

4. Plaintiff is informed and believes, and based thereon alleges, that Defendant, Derst Bakery d/b/a Flowers Baking Company d/b/a Flowers Bakery, herein refered to as the *"Flowers"*,

1

is, and at all times relevant herein was a entity operating in the State of South Carolina. The Defendant is subject to the laws of this Court pursuant to State and Federal Law.

5. Plaintiff is informed and believes, and based thereon alleges, that Defendant, Ambassador Personnel, Inc. d/b/a Ambassador, herein refered to as *"Ambassador"*, is, and at all times relevant herein were, Entity operating in the State of South Carolina. The Defendant is subject to the laws of this Court pursuant to State and Federal Law.

6. At all relevant times, the Plaintiff was an employee of Defendants.

7. At all relevant times the Defendants, employed more than 15 people.

### Jurisdiction and Venue

8. This Court has jurisdiction over this matter pursuant to South Carolina Law.

9. The Charleston Division is the proper venue for this action because this is the Circuit in which the Plaintiff resides and in which a substantial part of the events or omissions giving rise to the claims occurred.

### Procedural Prerequisites

10. On April of 2014, the Plaintiff filed a charge of discrimination against the Defendant, Flowers Bakery, with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on Race.

11. The Charge set forth certain allegations regarding the Treatment received by the Plaintiff.

12. The Charge of Discrimination set forth the following:

    "I. I was hired by a temp agency on Feburary 14, 2013. I was assigned to work as a Warehouse Loader, with the employer referenced above. I performed the functions of

2

this position successfully. On March 29, 2013, I spoke with Kevin Acheson (WM), Supervisor, about working more hours. My request was granted. In November 2013, Mr. Acheson told me I could no longer work the additional hours. On February 21, 2014, Barry Lewis (WM), Supervisor, came into the warehouse and referred to the gospel music I was listentting to as "Ghetto" music. The radio was removed. While employees were allowed to listen to any type of music they chose. On February 26, 2014, a White male employee was hired to perform the same job duties I was hired to perform. On February 27, 2014, I was laid off.

"II. In November 2013, Mr. Acheson told me I could no longer work additional hours because I told a White co-worker that he needed to unload all items, not just the small items. On February 27, 2014, Mr. Acheson told me no longer needed anyone in the position.

"III. I believe I was discriminated and retaliated against because of my race (African American) in violation of Title VII of the Civil Rights Act of 1964, as amended."

13. The EEOC issued a right to sue dated May 4, 2015.

14. That the Right to Sue set forth that the following: "The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge."

15. That fewer than ninety days have elapsed since the Plaintiff received same.

**Factual Background**



3

16. That the Plaintiff is a Black Male.

17. That the Plaintiff went into the Bakery and asked how he could be hired. The Plaintiff was informed that there was a Warehouse Loader position available for 20-30 hours per week. The Plaintiff was informed that he needed to fill out an application and do a drug test.

18. The Plaintiff completed an application and was hired 2 weeks later.

19. That the Plaintiff was hired through the Temporary Agency, Ambassador to work at the Flowers Facility.

20. When the Plaintiff was hired the Plaintiff was provided a Code of Conduct from Flowers Foods.

21. The Code of Conduct set forth the "Flowers Way, including but not limited to Antitrust & Fair Business Practices, Food & Drug Administration/Enviornment Protection Agency, Enviornmental Laws & Regulations, Political Contributions & Activities, Equal Opportunity Employment, Privacy, Health & Safety, Harassment, Elevated Expectations for Supervisors & Managers.

22. The Equal Opportunity Employment policy in the Code of Conduct set forth "Flowers is an equal opportunity employer, committed to hiring, training, compensating, and promoting persons based on their individual talens and abilities. Flowers extends opportunities to employees and prospective employees without regard to race, color, sex, religion, age, national origin, veteran status, disability, or any other criterion protected by applicable federal, state or local law. The company implements, where applicable, affirmative action to further enhance employment opportunities for qualified individuals.

4

One of your chief obligations as a Flowers employee is to ensure that we maintain a work place free from discrimination or unfair treatment."

23. The Harassment policy in the Code of Conduct set forth "The company expects you to respect the rights and privileges of co-workers, customers, and suppliers. Flowers has zero tolerance for any kind of harassment-sexual, racial or otherwise. No employee should engage in any kind of harassment or other conduct that disrupts the work performance of others or creates an intimidating, hostile, or offensive work environment. Examples of prohibited conduct include creating or forwarding emails containing off-color or offensive jokes or messages containig sexual comments or innuendo, engagin in horseplay-even if consensual, using a derogatory racial or sexual slur; making unwelcome romantic advances towards a colleague, and commenting on a colleague's appearance in a way that makes him or her uncomfortable. Flowers believes every employee has the right to work in an environment absolutely free from harassment, intimidation, or any type of unbecoming or unprofessional behavior. All company employees must commit to doing their part to upholding this belief."

24. The Plaintiff was instructed to follow the Code of Conduct of Flowers.

25. The Plaintiff was assured that 90 days after his hiring he would be made a permenant employee.

26. When the Plaintiff was first hire dthe Plaintiff was brought in for a week of nights to learn the job.

27. The first night the Plaintiff worked the Plaintiff was required to load the truck by himself.

28. The next day the Plaintiff asked if the procedure was normal and was informed no.

5

29. The Plaintiff was informed that this would be corrected. The issue was never corrected and the Plaintiff was required to unload trucks on his own.

30. The Plaintiff never received any complaints regarding his performance as a warehouse loader.

31. The Plaintiff worked consistently for some time.

32. In August, Flowers fired two African American Individuals.

33. That during the Plaintiff's employment two other employees were terminated from employment.

34. The Plaintiff worked the entire time the individuals were terminated.

35. The Plaintiff worked from September to November of 2013 with no performance issues.

36. The Plaintiff however suffered from a hostile work environment regarding his race.

37. The Plaintiff suffered from a hostile work environment at the hands of severla white employees who informed him that the Black employees thougth they ran the warehouse.

38. A white co-worker informed the Plaintiff that "you niggers think you run the warehouse."

39. The White employees referred to the Plaintiff's music as Ghetto Music and turned the music off.

40. The Black employees were treated differently regarding music because White employees were permitted to listen to Country music but Blacks were not permitted to listen to their music.

41. Throughout the Plaintiff's employment the Plaintiff was singled out and harassed based on his race. The Plaintiff witnessed others including Black Truck Drivers who were treated differently.

42. The Plaintiff was treated differently then all other White as a rsult of her race.

43. The Plaintiff told Flowers management that the African Americans were being treated like they were in a cotton field.

44. The Plaintiff made a complaint regarding race in November of 2014 and was terminated on November 14, 2014.

45. Management intentionally treated the Plaintiff differently in order to harass and retaliate against the Plaintiff.

46. A younger white male was hired to replace the Plaintiff.

47. The Plaintiff was informed that his position was no longer available and was laid off from his employment days after his complaint regarding racism.

48. The Plaintiff was subjected to daily comments and harassment regarding his race.

49. That the Harassment created a severe and pervasive hostile wokring enviornment for the Plaintiff.

50. Flowers failed and refused to support the Plaintiff and properly handle the incidents regarding racism.

51. As a result of the actions of the Defendant, Flowers and Ambassador by and through its employees the Plaintiff suffered severe emotional distress.

52. That the Plaintiff was subjected to harassment and a hostile work environment on the basis of his Race and his complaints.

53. That the Plaintiff was treated rudely, unprofessionally, harassed and abused by all Defendants.

54. That the Defendants were aware of the Plaintiff's discrimination compalints and failed to protect the Plaintiff from discrimination and retaliation.

55. That the failure was for pretextual reasons.

56. That the Plaintiff's termination was pretextual.

57. That the Defendant, Flowers, directly violated its own policies regarding the Plaintiff by failing to protect the Plaintiff from discrimination and harassment.

58. That the Plaintiff was replaced by a Caucasian.

59. That the Defendants treated the Plaintiff disparately differently than it treated similarly situated white employees.

60. That the Defendants unlawfully discriminated against the Plaintiff because of his race

61. That as a direct result of the Defendants' violation of the ADEA the Plaintiff has suffered:

    a. Economic Damages;

    b. Economic Damages;

    f. Anxiety humiliation and emotional damages.

62. That the Plaintiff is entitled to recover damages from the Defendants in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the

costs of this action and all other damages available pursuant to 42 U.S.C. 1981 and 42 U.S.C. 2000.

63. That the Defendants took adverse employment action against the Plaintiff by:

   a. Failing and refusing to protect him from discrimination;

   b. Subjecting the Plaintiff to continuing harassment and hostile work environment; and

   c. Terminating the Plaintiff in November 2014.

64. That the Defendants created a hostile work environment because the Plaintiff was protected by 42 U.S.C. 1981 and Title VII.

65. That as a direct, proximate result of the actions of the Defendants, the Plaintiff is entitled to actual, consequential, punitive damages, attorney's fees and costs, costs associated with this litigation and any other damages as this Honorable Court sees fit.

### FOR A FIRST CAUSE OF ACTION

### HOSTILE WORK ENVIRONMENT

### AND RACE

### IN VIOLATION OF TITLE VII AND 42 U.S.C. 1981 AGAINST ALL DEFENDANTS

66. Paragraphs one (1) through sixty five (65) are hereby incorporated verbatim.

67. That the Plaintiff was an employee of the Defendants.

68. At all times the Plaintiff was an employee of Ambassador and Flowers and was supervised by employees of Flowers.

69. That the Defendants are employers in accordance with Title VII and 42 U.S.C. 1981.

70. That the Defendants subjected the Plaintiff to a hostile work envrionment.

71. That the Plaintiff's work environment was abusive, to the point of severe and pervasive.

72. That the Plaintiff suffered severe emotional distress as a result of the Defendants' hostile work environment based on the Plaintiff's Race.

73. That the Plaintiff's severe emotional distress was foreseeable as a result of the severe and pervasive work environment that the Defendants subjected the Plaintiff.

74. That the Plaintiff has been damaged as a result of the Defendants' work environment.

75. That the Defendants are the direct and proximate cause of damage to the Plaintiff.

76. That the Plaintiff is entitled to actual, compensatory, consequential and punitive damages from the Defendantd as a result of the hostile work environment.

## FOR A SECOND CAUSE OF ACTION

## DISCRIMINATION IN VIOLATION OF TITLE VII AND 42 U.S.C. 1981

## RACE DISCRIMINATION AGAINST ALL DEFENDANTS

77. Paragraphs one (1) through seventy six (76) are hereby incorporated verbatim.

78. The Defendant Flowers is an employer as defined by 42 U.S.C. 1981 and Title VII.

79. The Defendant, Ambassador as an employer as Defined by Title VII and 42 U.S.C. 1981.

80. That the Plaintiff was subjected to race discrimination.

81. That the Defendants systematically discriminated against the Plaintiff by treating the Plaintiff differently than other Caucasian teachers.

82. That Defendants failed and refused to treat the Plaintiff fairly and as it treated other White Employees subjecting the Plaintiff to a hostile work environment based on his race and terminating his employment for pretextual reasons.

83. That the Defendants wrongfully discriminated against the Plaintiff based on race in violation of Title VII and 42 U.S.C. 1981.

84. That, as a direct and proximate result of the Defendants' unlawful, intentional, discriminatory actions and omissions, the Plaintiff:

   a. Suffered loss of future promotions, pay raises, and benefits.

   b. Suffered severe emotional distress;

   c. Incurred attorneys' fees and costs of pursuing this action.

85. That the Plaintiff is entitle to an award of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees, costs, and other damages such as this Honorable Court deems appropriate and just.

## FOR A THIRD CAUSE OF ACTION

## RETALIATION IN VIOLATION OF TITLE VII AND 41 U.S.C. 1981 AGAINST ALL DEFENDANTS

86. Paragraphs one (1) eighty six (86) are hereby incorporated verbatim.

87. That the Plaintiff participated in a protected act when he reported discrimination and retaliation.

88. That the Plaintiff was retaliated against for reporting violations of his Civil Rights Act.

89. That the Defendants took adverse employment action against the Plaintiff because he had engaged in actions protected by Title VII.

90. That the Defendants terminated the Plaintiff when he reported discriminatory actions of White Management. The Plaintiff suffered retaliation for his complaints regarding discrimination because of his race.

91. That, as a direct and proximate result of the Defendants' intentional unlawful and retaliatory actions, the Plaintiff:

a. suffered severe emotional distress;

b. suffered future lost wages and future lost benefits;

c. suffered economic damages;

d. Loss of employment;

e. Loss of Future employment;

f. incurred attorney fees for this action;

g. incurred costs of this action; and

h. will incur future attorney fees and costs.

92. That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous, future and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

## FOR A FOURTH CAUSE OF ACTION

## DISCRIMINATION IN VIOLATION OF TITLE VII and

## 42 U.S.C. 1981

93. That paragraphs one (1) through ninety two (92) are hereby incorporated verbatim.

94. That the Plaintiff was subjected to race while employed with the Defendants.

95. That the Defendants treated the Plaintiff differently based on his race.\

96. That the Defendant, Flowers failed and refused to hire the Plaintiff into a permanent position.

97. That the Defendant, Flowers failed and refused to promote the Plaintiff.

98. That the Defendant, Flowers failed and refused to treat the Plaintiff as it treated similarly situated White Males.

99. That the Defendant, Flowers allowed its employees to use racist and derogatory langauge when referring to African Americans.

100. That the Defendants treated Caucasian employees more favorably then the Plaintiff.

101. The Plaintiff was informed that his position was no longer available due to lack of work.

102. That the Plaintiff was replaced by a younger Caucasian individual.

103. That the Defendants' actions towards the Plaintiff violated the law.

104. That the Defendants is the direct and proximate cause of damage to the Plaintiff.

105. That, as a direct and proximate result of the Defendants' intentional unlawful actions towards the Plaintiff based on his race, the Plaintiff:

a. suffered severe emotional distress;

b. suffered future lost wages and future lost benefits;

c. suffered economic damages;

d. Loss of employment;

e. Loss of Future employment;

f. incurred attorney fees for this action;

g. incurred costs of this action; and

h. will incur future attorney fees and costs.

106. That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous, future and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

**WHEREFORE**, the Plaintiff respectfully requests the following relief:

Entry of judgment in favor of the Plaintiff and against Defendants;

13

1.  Economic Damages;

2.  Future Economic damages;

3.  Lost Wages;

4.  Future Lost Wages;

5.  Lost Benefits;

6.  Future Lost Benefits;

7.  Compensatory and consequential damages;

8.  Punitive damages;

9.  All damages available pursuant to Title VII;

10. Attorneys fees and costs; and

11. Other such relief as may be appropriate to effectuate the purposes of South Carolina Law;

12. All other damages as are available under Federal Law; and

13. All other damages as this Honorable court sees fit.

                                  Hunt Law LLC

                                  _____
                                  Bonnie Travaglio Hunt
                                  ATTORNEY FOR THE PLAINTIFF
                                  Post Office Box 1845
                                  Goose Creek, SC 29445
                                  (843)553-8709
                                  bthunt@huntlawllc.com

Date: July 20, 2015